[No. 12615.    In Bank.—June 1, 1889.]

JOHN F. FENTON, APPELLANT, *v.* E. K. ALSIP ET
AL., RESPONDENTS.

VENDOR AND PURCHASER — DEED — DELIVERY — PASSING TITLE — RE-
COVERY BACK OF PURCHASE-MONEY — TENDER OF RECONVEYANCE. —
When a deed of property given by a vendor describes town lots in a dif-
ferent block from those purchased by the vendee, and upon discovery of
that fact, the vendee declines to go on with the trade, and does not take
the deed, the fact that it had been actually placed in his hands does not
constitute delivery of a deed for the property purchased, and the deed
vested no title in the purchaser. He is not therefore bound to tender a
reconveyance of the lots described in the deed before suing to recover
the purchase-money paid for the property purchased to which no title
was received from the vendor.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*Taylor & Holl*, for Appellant.

The deed for the wrong lots was neither delivered to nor accepted by plaintiff. The whole matter was *in fieri* when he discovered that the property bought was not deeded, stopped all proceedings, and demanded back his purchase-money. To constitute delivery of a deed, there must not only be delivery by the grantor, but an acceptance by the grantee. (*Bank of Healdsburg* v. *Bailhache*, 65 Cal. 331; *Fresno Land Co.* v. *McCarthy*, 59 Cal. 309; *Stevens* v. *R. R. Co.*, 20 Barb. 332; *Co-operative Association* v. *Phillips*, 56 Cal. 553; *Jackson* v. *Phipps*, 12 Johns. 418; *Carnes* v. *Platt*, 6 Rob. 270; *Parnell* v. *Simpson*, 5 Wall. 86; *Kingsbury* v. *Burnside*, 58 Ill. 310; 11 Am. Rep. 67.) The deed takes effect only upon its delivery to the grantee. (Civ. Code, sec. 1054; *Dyson* v. *Bradshaw*, 23 Cal. 528; *Barr* v. *Schroeder*, 32 Cal. 609; *Fitch* v. *Bunch*, 30 Cal. 208; *Hibberd* v. *Smith*, 67 Cal. 547; 56 Am. Rep. 726.)

*Beatty, Denson & Oatman*, for Respondents.

Conceding that upon his statement of the case the plaintiff was entitled to rescind the contract on account of the mistake, still it was essential that he should restore, or offer to restore, to Singleton the title to his lots as a condition precedent to an action for the purchase-money. (Civ. Code, sec. 1691, subd. 2.)

WORKS, J. — This is an action to recover money paid as a part of the purchase-money for real estate for which the plaintiff claims he got no title.

There was a nonsuit granted by the court below on the ground that the plaintiff had received a deed for the property, and the title having vested in him, he must tender a reconveyance of the property before he could recover back the money paid by him. But the evidence

shows beyond any question that the property deeded to the plaintiff was not the property purchased by him, but of lots in a different block, and that immediately upon discovering the fact, he declined to go further with the trade and did not take the deed, although it had actually been placed in his hands. This was not a delivery of a deed for the property the plaintiff had purchased, and vested no title in him. It was not necessary, therefore, that he should have tendered a conveyance of the property before bringing this action.

Judgment reversed.

McFARLAND, J., SHARPSTEIN, J., THORNTON, J., and PATERSON, J., concurred.